# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ANDREW JUAREZ,<br><br>        Petitioner,<br><br>   v.<br><br>JEANNE WOODFORD, Director,<br><br>        Respondent. | CV F 04 6541 OWW LJO HC<br><br>ORDER DENYING PETITIONER'S MOTION TO COMPEL DISCOVERY<br>[Doc. #30]<br><br>ORDER DENYING PETITIONER'S MOTION FOR RELIEF PURSUANT TO F.R.C.P. RULE 60(b)<br>[Doc. #31] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On July 5, 2005, Petitioner filed a motion seeking an order from the Court to compel discovery. On July 15, 2005, Petitioner filed a motion for relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

I.  Motion to Compel Discovery

Petitioner now brings a second motion to compel discovery. Petitioner seeks the production of certain state court transcripts relating to a Marsden[1] motion and motion for new trial. He states Respondent did not provide these transcripts pursuant to the Court's order of January 7, 2005.

---

[1] People v. Marsden, 2 Cal.3d 118 (1970).

Although discovery is available pursuant to Rule 6, it is only granted at the Court's discretion, and upon a showing of good cause. Bracy, 117 S.Ct. 1793, 1797; McDaniel v. United States Dist. Court (Jones), 127 F.3d 886, 888 (9th Cir. 1997); Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997); Rule 6(a) of the Rules Governing Section 2254. Here, Petitioner has not demonstrated good cause for his motion to compel discovery. The transcripts Petitioner refers to were produced and lodged with the Court on June 21, 2005. Accordingly, Petitioner's motion for discovery is DENIED as moot.

II.  Motion for Relief

Petitioner has also filed a motion for relief pursuant to Federal Rules of Civil Procedure § 60(b).

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure,

> the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Petitioner requests that this Court relieve Petitioner from an order issued by the Superior Court during trial. Petitioner's motion is improper. Rule 60(b) is applicable only to final judgments and orders issued by this Court, not to judgments and orders issued by another court. Moreover, the relief Petitioner seeks, which is federal review of the state court's decision, is precisely the purpose of this habeas action. Essentially, Petitioner seeks to circumvent the entire habeas review process with this motion. Accordingly, Petitioner's motion for relief is DENIED.

IT IS SO ORDERED.

**Dated:   August 25, 2005**            /s/ Lawrence J. O'Neill
b9ed48                                  UNITED STATES MAGISTRATE JUDGE