UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN ANDREW JUAREZ, | ) | CV F 04 6541 OWW LJO HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION FOR COUNSEL |
| v. | ) | [Doc. #35] |
| | ) | |
| JEANNE WOODFORD, Director, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION FOR RELIEF PURSUANT TO |
| Respondent. | ) | F.R.C.P. RULE 60(b) |
| | ) | [Doc. #35] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On October 19, 2005, Petitioner renewed his motion to appoint counsel and his motion for relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

I.  Motion to Appoint Counsel

Pending before the Court is Petitioner's renewed motion to appoint counsel. As this Court stated in prior orders, there currently exists no absolute right to appointment of counsel in habeas proceedings. See e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir.), cert. denied, 358 U.S. 889 (1958); Mitchell v. Wyrick, 727 F.2d 773 (8th Cir.), cert. denied, 469 U.S. 823 (1984).  However, Title 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases.  In the present

case, the Court does not find that the interests of justice would be served by the appointment of counsel at the present time. Accordingly, Petitioner's request for appointment of counsel is DENIED without prejudice.

II. Motion for Relief

Petitioner has also renewed his motion for relief pursuant to Federal Rules of Civil Procedure § 60(b).

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure,

> the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

For the same reasons the Court denied the previous motion for relief on August 25, 2005, the Court finds no cause to grant Petitioner's motion. Accordingly, Petitioner's motion is DENIED.

IT IS SO ORDERED.

**Dated:   October 27, 2005**          **/s/ Lawrence J. O'Neill**
b9ed48                                  UNITED STATES MAGISTRATE JUDGE